An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOE PICENO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64395

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant filed his petition on August 28, 2013, nearly 13 years after issuance of the remittitur on direct appeal on September 13, 2000. *Gutierrez-Piceno v. State*, Docket No. 29860 (Order Dismissing Appeal, August 18, 2000). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed three post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Gutierrez-Piceno v. State*, Docket No. 57391 (Order of Affirmance, July 13, 2011) (affirming the denial of two of appellant's petitions). Appellant did not appeal the denial of his first petition.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30706

good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that he had good cause because he was not appointed counsel in the first post-conviction proceedings. We conclude that this argument lacked merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant failed to demonstrate an abuse of discretion or provide an explanation for why he could not raise this claim earlier. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition. Therefore, the district court did not err in denying this petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

 

cc:    Hon. Abbi Silver, District Judge
Joe Piceno
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk